# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT OF ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S. Potomac Street<br>Centennial, Colorado 80112<br>_____<br><br>**GLENN MCKNIGHT** and **CARLTON A. SMITH II**, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>**v.**<br><br>**CHERRY CREEK MORTGAGE, LLC**, a Delaware company d/b/a "Blue Spot Home Loans," and **STEVEN NAKASH**, individually,<br><br>    Defendants.<br>_____<br>Attorneys for the Plaintiff:<br><br>Jesse K. Fishman, No. 44807<br>Adam M. Harrison, No. 50553<br>HKM Employment Attorneys LLP<br>730 17th Street, Suite 750<br>Denver, Colorado 80202<br>Phone: (720) 255-0370<br>Fax: (720) 668-8989<br>E-mail: jfishman@hkm.com<br>        aharrison@hkm.com | DATE FILED: September 15, 2022 2:41 PM<br>FILING ID: 715CC8983AF84<br>CASE NUMBER: 2022CV31756<br><br><br>▲COURT USE ONLY▲<br><br>_____<br><br>Case Number:<br><br>Division: |
| **INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT** ||

Plaintiffs Glenn McKnight ("McKnight") and Carlton A. Smith II ("Smith") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, through their undersigned counsel from HKM Employment Attorneys LLP, as their Individual, Class, and Collective Action Complaint against Defendants Cherry Creek Mortgage, LLC, a Delaware company doing business as "Blue Spot Home Loans" ("Blue Spot") and Steven Nakash, individually ("Nakash") (collectively, "Defendants"), state as follows:

1

## NATURE OF THE ACTION

1. This is an individual and putative class and collective action brought under the Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* ("CWA"), the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.* ("CMWA"), the applicable Colorado Minimum Wage Order, 7 C.C.R. 1103-1 (2019), and the applicable Colorado Overtime and Minimum Pay Standards Orders, 7 C.C.R. 1103-1 (2020-22) (collectively, "Colorado Wage and Hour Law"), as well as the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Blue Spot violated Colorado Wage and Hour Law and the FLSA by failing to pay overtime compensation to the Plaintiffs and dozens of other employees who worked for the Defendants as mortgage loan officers ("Class Members") during the three years leading up to the filing of this Complaint ("Relevant Period") for hours the Class Members worked over 40 per week. *See* 7 C.C.R. 1103, Rule 4; 29 U.S.C. § 207; *see also* Exhibit 1: DOL Opinion Letter re Loan Officers.

3. Because the Defendants were both "employers" as defined under Colorado Wage and Hour Law and the FLSA, during the Relevant Period, both Defendants are liable for violating the Plaintiffs' and Class Members' rights. *See* C.R.S. § 8-4-101(6) ("'Employer' has the same meaning as set forth in the federal 'Fair Labor Standards Act,' 29 U.S.C. sec. 203(d)"); 29 U.S.C. § 203(d) ("'Employer' means any person acting directly or indirectly in the interest of an employer in relation to an employee"); *see* also *Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp. 3d 1165, 1167 (D. Colo. 2019) (discussing individual liability for wage and hour violations).

4. At all times during the Relevant Period, the Defendants knew or, through the exercise of reasonable diligence should have known, that their failure to pay overtime compensation violated Colorado Wage and Hour Law and the FLSA and as such, their violations were willful. *See* C.R.S. §§ 8-4-109(3)(c); 8-4-122; *see also Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (wage violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct violated the statute").

5. On behalf of themselves and the other Class Members, the Plaintiffs seek declaratory and injunctive relief, unpaid wages, liquidated damages, statutory penalties, additional statutory penalties due to the willfulness of the Defendants' violations, reasonable attorneys' fees and costs. *See* C.R.S. §§ 8-4-109; 8-4-110; 8-6-118; 29 U.S.C. § 216(b).

## PARTIES

6. McKnight is a citizen of Tennessee who resides at 1313 Tulip Court, Lebanon, Tennessee 37090. McKnight worked for the Defendants as a loan officer in Colorado. At all

2

times relevant to this Complaint, McKnight was an "employee" who worked in Colorado and was subject to the protections of Colorado Wage and Hour Law and the FLSA. *See* C.R.S. § 8-4-101(5); 29 U.S.C. § 203(e).

7. Smith is a citizen of Idaho whose address is 842 Banks Lowman Road, Garden Valley, Idaho 83622. Smith worked for the Defendants as a loan officer in Idaho. At all times relevant to this Complaint, Smith was an "employee" subject to the protections of the FLSA. *See* 29 U.S.C. § 203(e).

8. Blue Spot is a Delaware limited liability company whose principal office is at 7600 E. Orchard Road, Suite 250-N, Greenwood Village, Colorado 80111. At all times relevant to this Complaint, Blue Spot did substantial business in Colorado as part of Colorado's real estate industry.

9. Nakash is a citizen of Colorado who works for Blue Spot at its principal office. At all times relevant to this Complaint, Nakash: had the power to hire and fire employees; supervised and controlled employees' work; determined employees' rates and methods of payment; and maintained employee records. *See Inniss*, 385 F. Supp. 3d at 1167.

10. At all times relevant to this Complaint, the Defendants were "employers," as defined by Colorado Wage and Hour Law and the FLSA, and an "enterprise engaged in commerce" under the FLSA. *See* C.R.S. § 8-4-101(6); 29 U.S.C. § 203(d), (s).

## JURISDICTION AND VENUE

11. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

12. This Court has original jurisdiction over this action pursuant to Article 6 § 9(1) of the Colorado Constitution and C.R.S. § 13-1-124(1)(a) and (b), and (c).

13. Blue Spot's principal place of business is in Arapahoe County and a substantial part of the facts and circumstances giving rise to this Complaint occurred in this jurisdiction.

14. Venue is proper before this Court pursuant to C.R.C.P. 98 because the Defendant resides in this District and will be served in this District.

## GENERAL ALLEGATIONS

15. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

16. Blue Spot is a Delaware limited liability company that sells mortgages and home loans in Colorado and throughout the United States.

3

17. At all times during the Relevant Period, Blue Spot was part of the real estate industry in Colorado and numerous other states.

18. At all times during the Relevant Period, the Defendants were engaged in interstate commerce.

19. The Defendants did business of more than $500,000.00 per year during 2019, 2020, 2021, and 2022.

20. The Plaintiffs and the other Class Members worked for the Defendants as mortgage loan officers during the Relevant Period.

21. The Defendants employed dozens of mortgage loan officers during the Relevant Period. The majority of these loan officers worked for the Defendants in Colorado.

22. On information and belief, the Defendants employed at least 40 mortgage loan officers during the Relevant Period.

23. At all times during the Relevant Period, Nakash was the Managing Director of Blue Spot.

24. At all times during the Relevant Period, Nakash had the power to hire and fire employees, and he was the individual who hired and terminated the Plaintiffs.

25. At all times during the Relevant Period, Nakash supervised and controlled the work of Plaintiffs and the other Class Members. He micromanaged the Class Members, constantly communicating with them regarding their sales numbers and requesting that they work long hours.

26. At all times during the Relevant Period, Nakash was the individual who was primarily responsible for determining the Class Members' wage rates and methods of payments.

27. At all times during the Relevant Period, Nakash was also the individual who was primarily responsible for maintaining the employee records of the Plaintiffs and the other Class Members.

28. McKnight was employed by the Defendants as a mortgage loan officer from June 2019 to August 2022.

29. Smith was also employed by the Defendants as a mortgage loan officer from June 2019 to August 2022.

30. The Plaintiffs and the Class Members were entitled to wages at a rate of

approximately $24.00 per hour, drawn against commissions based on the mortgages/loans that they sold in a month.[1]

31. At all times during the Relevant Period, the Defendants had policies and practices that required the Plaintiffs and the other Class Members to work more than 40 hours per week. These policies and practices included:

> a. The Defendants required the Plaintiffs and the Class Members to make a minimum number of sales per month in order to remain employed in good standing. When the Plaintiffs and Class Members exceeded those numbers, the Defendants repeatedly increased the minimum requirements, thus forcing the Plaintiffs and the Class Members to work increasingly longer and longer hours to avoid discipline and/or termination;
>
> b. The Defendants penalized the Plaintiffs and other Class Members who they claimed were not selling enough mortgages/loans by placing them in undesirable sales groups where the mortgages and loans they sold were of much lower value, or by terminating their employment;
>
> c. The Defendants constantly pressured the Plaintiffs and Class Members to work on weekends, even though they generally worked more than full-time hours during the weekdays. They applied this pressure through e-mails that Nakash and other Blue Spot managers sent to the Plaintiffs and the Class Members;
>
> d. The Defendants told the Class Members that they were not permitted to report overtime hours on their time cards. They also instructed the Plaintiffs and the Class Members to report 40 hours or less per week on their time cards. The Defendants altered the time cards of any Class Member who reported hours over 40 per week so that the time cards did not reflect overtime hours; and
>
> e. In the rare instances when a Class Member's time cards were not altered in time to deprive them of earned overtime hours, the Defendants paid the Class Member their regular rate of pay, instead of one and one-half times their regular rate of pay.

32. As a result of the Defendants' policies and practices, the Plaintiffs and the Class Members generally worked more than 40 hours per week during their employment with the

---

[1] During a few weeks of the Relevant Period, the Defendants reduced McKnight's wages to $12.56 per hour, and Smith's wages to $7.25 per hour, but in general the Class Members were paid approximately $24.00 per hour, drawn against commissions, for 40 of the hours that they worked each week).

5

Defendants. For example, McKnight worked an average of 70 hours per week over the course of his employment. Smith worked more than 60 hours per week throughout his employment.

33. At all times during the Relevant Period, the Defendants knew that the Plaintiffs and the other Class Members were working more than 40 hours per week on a regular basis.

34. At all times during the Relevant Period, the Defendants knew or should have known that they were required to pay overtime compensation to the Plaintiffs and the Class Members for the hours that they worked in excess of 40 per week, but nevertheless failed to do so.

35. The Plaintiffs are not currently in possession of all of the information that would be necessary to determine the precise number of overtime hours that they and the other Class Members worked. Moreover, the Defendants' pay records are incomplete and inaccurate due to the Defendants' constant adjustments to those records.

36. In total, McKnight estimates that he worked 4,500 overtime hours during the Relevant Period, for which he is due overtime compensation of $162,270.00, plus liquidated damages in an amount equal to the overtime compensation due, plus applicable statutory damages.

37. Smith estimates that he worked at least 3,750 overtime hours during the Relevant Period, for which he is due overtime compensation of $135,000.00 plus liquidated damages in an amount equal to the overtime compensation due, plus applicable statutory damages.

38. Through this Complaint, the Plaintiffs demand immediate payment of the overtime compensation and liquidated damages due to them. They also demand that the Defendants immediately pay all of the Class Members all of the overtime compensation and liquidated damages due to them.

## **CLASS ALLEGATIONS**

39. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

40. In addition to bringing claims individually, the Plaintiffs bring their Colorado claims on behalf of the following Colorado Class:

> All individuals who worked for Blue Spot Home Loans as mortgage loan officers in Colorado at any time during the period from September 15, 2019 to the present.

41. The Colorado Class satisfies the prerequisites and requirements of C.R.C.P. 23:

6

    a. The Colorado Class consists of dozens of employees and former employees. Joinder of all such individuals would be impracticable;

    b. There are questions of law and fact that are common to the Colorado Class, which questions predominate over issues affecting only individual Class Members, including but not limited to:

        i. Whether the Defendants had policies/practices requiring Class Members to work more than 40 hours per week;

        ii. Whether under Colorado Wage and Hour Law the Colorado Class Members were entitled to overtime compensation of one and one-half times their regular rates of pay for all of the hours that they worked over 40 per week;

        iii. Whether the Defendant paid Colorado Class Members overtime compensation of one and one-half times their regular rates of pay for all of the hours that they worked over 40 per week;

        iv. Whether the Defendant acted in good faith when it failed to pay overtime compensation to the Colorado Class Members;

        v. Whether the Defendant acted based on a reasonable belief that its policies/practices were legal when it failed to pay overtime compensation to the Colorado Class Members; and

        vi. Whether the Defendant's violations of Colorado Wage and Hour Law were willful.

42. McKnight's claims are typical of the Colorado Class Members' claims because he was subjected to the policies and practices that are at issue in this action, having worked overtime hours for which he was not paid one and one-half times his regular rate of pay.

43. McKnight will fairly and adequately protect the interests of the Colorado Class. He has retained counsel that is experienced in wage and hour class litigation. McKnight and his counsel are free from any conflicts of interest that might prevent him from pursuing this action on behalf of the Colorado Class.

44. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Colorado Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the Defendants. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. The

Defendants have acted on grounds generally applicable to the Colorado Class. Moreover, other than the Plaintiffs no Colorado Class Member has expressed any interest in controlling the prosecution of a separate action or commenced their own litigation.

## COLLECTIVE ALLEGATIONS

45. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

46. In addition to bringing this case individually and as a class action under C.R.C.P. 23, the Plaintiffs bring their FLSA claims on behalf of the following FLSA Collective:

> All individuals who worked for Blue Spot Home Loans as mortgage loan officers at any time during the period from September 15, 2019 to the present.

47. The Plaintiffs and the FLSA Collective Members are "similarly situated" under 29 U.S.C. § 216(b) because they were all subject to the same policies/practices, namely, the Defendants' policies of not paying overtime compensation for hours the FLSA Collective Members worked over 40 per week, and the Defendants' failure to pay overtime compensation for hours worked over 40 per week.

48. The Plaintiffs have consented to be part of this action, and their Consents to Join are attached as Exhibits 2 and 3.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW

**Colo. Const. Art. XVIII, § 15**
**C.R.S. § 8-4-101** *et seq.*
**C.R.S. § 8-6-101** *et seq.*
**7 C.C.R. 1103-1 (2019-2022)**

49. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

50. At all times during the Relevant Period, McKnight and the other Colorado Class Members were "employees" subject to the protections of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1, Rule 1.5.

51. At all times during the Relevant Period, the Defendants were "employers" subject to the requirements of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(6); 7

8

C.C.R. 1103-1, Rule 1.6(A); *see also Inniss*, 385 F. Supp. 3d at 1167.

52. At all times during the Relevant Period, Colorado Wage and Hour Law required the Defendants to pay the Colorado Class Members overtime compensation of one and one-half times their regular rates of pay for all of the hours that they worked over 40 per week, 12 per day, and/or 12 per shift. *See* 7 C.C.R. 1103, Rule 4; *see also* 7 C.C.R 1103-1:4 (2019).

53. During the Relevant Period, McKnight and the other Colorado Class Members frequently worked more than 40 hours per week for the Defendants, and sometimes worked more than 12 hours per day.

54. The Defendants violated Colorado Wage and Hour Law by failing to pay McKnight and the other Colorado Class Members overtime compensation for hours that they worked over 40 per week. *See* 7 C.C.R. 1103, Rule 4.

55. At all times relevant to this Complaint, the Defendants knew or, through the exercise of reasonable diligence should have known, that they were required to pay the Colorado Class Members overtime compensation. As such, the Defendants' violations of Colorado Wage and Hour Law were willful. *See* C.R.S. §§ 8-4-109(3)(c); 8-4-122; *see also Mumby*, 636 F.3d at 1270.

56. Because the Defendants willfully violated Colorado Wage and Hour Law, they are liable to McKnight and the other Colorado Class Members for unpaid wages, mandatory statutory penalties under C.R.S. §8-4-109(3)(b), additional statutory penalties under C.R.S. §8-4-109(3)(c), reasonable attorneys' fees, and costs. *See* C.R.S. §§ 8-4-109; 8-4-110; 8-6-118.

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201 *et seq.*

57. The Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully set forth herein.

58. At all times during the Relevant Period, the Plaintiffs and the other FLSA Collective Members were "employees" subject to the protections of the FLSA. *See* 29 U.S.C. § 203(e).

59. At all times during the Relevant Period, the Defendants were "employers" subject to the requirements of the FLSA. *See* 29 U.S.C. § 203(e).

60. At all times during the Relevant Period, the Defendants were an "enterprise engaged in commerce" under the FLSA. *See* 29 U.S.C. § 203(s).

61. At all times during the Relevant Period, the FLSA required the Defendants to pay the FLSA Collective Members overtime compensation of one and one-half times their regular rates of pay for all of the hours that they worked over 40 per week. *See* 29 U.S.C. § 207; *see also* Exhibit 1: DOL Opinion Letter re Loan Officers.

62. During the Relevant Period, the Plaintiffs and the other FLSA Collective Members frequently worked more than 40 hours per week for the Defendants.

63. The Defendants violated the FLSA by failing to pay the Plaintiffs and the other FLSA Collective Members overtime compensation for hours that they worked over 40 per week. *See* 29 U.S.C. § 207

64. At all times relevant to this Complaint, the Defendants knew or, through the exercise of reasonable diligence should have known, that they were required to pay the FLSA Collective Members overtime compensation. As such, the Defendants' violations of the FLSA were willful. *See* 29 U.S.C. § 255; *see also Mumby*, 636 F.3d at 1270.

65. Because the Defendants willfully violated the FLSA, they are liable to the Plaintiffs and the other FLSA Collective Members for unpaid overtime compensation, liquidated damages in an amount equal to the overtime compensation owed, reasonable attorneys' fees, and costs. *See* 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the other Class Members, ask the Court to:

    I. Grant conditional certification of the FLSA Collective under 29 U.S.C. § 216(b) and accordingly;

        a. Appoint the Plaintiffs and their counsel to represent the FLSA Collective; and

        b. Authorize notice of this action to be sent to all FLSA Collective Members so that other aggrieved individuals may opt in if they wish to do so;

    II. Grant class certification of the Colorado Class under C.R.C.P. 23 and accordingly;

        a. Appoint McKnight and his counsel to represent the Colorado Class;

and

b. Authorize notice of this action to be sent to all putative Colorado Class Members so that they may have the opportunity to opt out if they wish to do so;

III. Issue an order declaring that the Defendants' policies and practices set forth above violate Colorado Wage and Hour Law and the FLSA;

IV. Issue temporary and permanent injunctions prohibiting the Defendants from continuing their unlawful policies and practices;

V. Award the Plaintiffs and the other Class Members:

a. Back wages in amounts to be determined at trial;

b. Liquidated damages in amounts to be determined at trial;

c. Mandatory statutory penalties under C.R.S. § 8-4-109(3)(b) on all wages awarded at trial;

d. Additional statutory penalties under C.R.S. § 8-4-109(3)(c) on all mandatory statutory penalties awarded under C.R.S. § 8-4-109(3)(b);

e. The Plaintiffs' reasonable attorneys' fees; and

f. The Plaintiffs' costs incurred in bringing this action; and

VI. Grant the Plaintiffs and the Class Members all other and further relief as the Court may find to be equitable, appropriate, and just.

Respectfully submitted on this 15th day of September, 2022.

*/s/ Adam M. Harrison*

_____

Jesse K. Fishman, No. 44807
Adam M. Harrison, No. 50553
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
Phone: (720) 255-0370
Fax: (720) 668-8989
E-mail: jfishman@hkm.com
aharrison@hkm.com

11

*Attorneys for the Plaintiffs, individually and on behalf of all others similarly situated*